Calendar for argument is Rios v. Giurbino. Good morning, Your Honor. May it please the Court, Christine Shum from the California Attorney General's Office, Counsel for Appellant Sylvia Garcia. Appellant respectfully requests that this Court reverse the District Court's judgment granting a conditional writ of habeas corpus to Mr. Rios based on his Eighth Amendment challenge to his sentence. Mr. Rios' habeas petition is covered under the AEDPA, which specifies that there is not to be any federal habeas relief granted based on any claim that has been ruled upon or adjudicated upon in a State court proceeding unless that claim is contrary to or involves an unreasonable application of clearly established U.S. Supreme Court authority. In this case, Lockyer v. Andrade, which was ruled upon by the Supreme Court last year, conclusively demonstrates that the California Court of Appeals' affirmance of Mr. Rios' sentence in this case was neither contrary to nor an unreasonable application of clearly established Supreme Court authority. In Andrade, the Supreme Court noted that its prior decisions left the precise contours of the Eighth Amendment proportionality unclear. Therefore, there is no clearly established law. Based on that, given the absence of clearly established Supreme Court authority on the contours of the Eighth Amendment gross disproportionality principle, it follows that Mr. Scant, as a matter of law, meet the standards for habeas corpus relief under 28 U.S.C. Section 2254d. Counsel, what do you do with that Ramirez case? Your Honor, Ramirez v. Castro does not apply to this case because it is distinguishable from the instant case. First of all, it is distinguishable on the grounds that in Ramirez v. Castro, Mr. Ramirez, his criminal history consisted or comprised solely of two prior, two convictions for second-degree robbery, for which his total sentence was one year in county jail and three years probation. In the instant case, Mr. Rios has a very lengthy criminal history that goes back to 1982. He has numerous convictions that include, prior convictions that include robbery, petty theft, false imprisonment, being under the influence of controlled substance, second-degree burglary, unauthorized possession of controlled substances. His criminal history is a very lengthy one in comparison to Mr. Ramirez's. Second of all, Mr. Ramirez had never been sentenced to or served time in state prison prior to his three-strike sentence. In contrast, Mr. Rios in the instant case has been in and out of state prison since 1983. He has had numerous incarceration periods in state prison. He has also been incarcerated in county jail. Third, after committing two second-degree robberies in 1991, Mr. Ramirez did not commit another crime until 1996. He had a five-year period where he didn't engage in any criminal activity. In contrast, in Mr. Rios's case, he has been in and out of prison. He has had numerous parole violations. He has had probation violations. So he hasn't had any activity of criminal free – hasn't had any period of criminal free activity. Second of all, with all due respect to this Court, a respondent would submit the Ramirez decision is contrary or conflicts with the U.S. Supreme Court's decision in Lockyer v. Andrade. In Lockyer v. Andrade, Mr. Andrade had argued that his sentence was grossly disproportionate in violation of the Eighth Amendment. The Supreme Court, without reaching the merits of Mr. Andrade's Eighth Amendment claim, focused solely on the issue of whether 28 U.S.C. Section 2254D foreclosed habeas relief on an Eighth Amendment claim. I suppose that if all these cases keep coming to the Supreme Court from state court, that condition can go on for 50 years. In other words, the Supreme Court can just keep saying, well, the law is unsettled. Well, Your Honor, I believe it would be the rule at the time that the State Court of Appeal rendered its decision. And at the time that the State Court of Appeal rendered the decision here in Mr. Rios's case, as in Mr. Ramirez's case, as in Mr. Andrade's case, as the State – as the Supreme Court has said, the – its precedence didn't exactly present a model of clarity in terms of how the proportionality principle was to be applied. But there's been no effort to clean that up by the Supreme Court, has there? I mean, has anything happened since that makes the law clear? Well, Your Honor, I believe that the Supreme Court has in both Andrade and Ewing v. California. In Andrade, the Supreme Court has made clear as to how habeas – how habeas petitions alleging Eighth Amendment violations are to be reviewed. And in Ewing v. California, the U.S. Supreme Court did specify that a three-strike sentence, a 25-years-to-life sentence under the California's three-strikes law, did not – or wasn't – did not constitute cruel and unusual punishment. So we do have Ewing v. California from the U.S. Supreme Court. So that's the guidepost we have now, but that's – came after the decision by the court in this case, is that correct? Yes, Your Honor. And in this case, Mr. Rios has raised – he is here – or he has a federal habeas matter. And as I indicated earlier, his habeas petition comes under the AEDPA, which under Lockyer v. Andrade, the Supreme Court has said, is merely a consideration of whether or not the state court's decision or affirmance of his sentence was contrary to or involved in unreasonable application of clearly established Supreme Court authority. And yes, Your Honor, we do submit that at the time of the state court's decision, the Supreme Court's precedence on Eighth Amendment jurisprudence was not clear. But Ewing is a plurality decision, though, isn't it? Yes, it is, Your Honor. But we do submit that under Lockyer v. Andrade, Mr. Rios is not entitled to any habeas relief based on his Eighth Amendment claim. Because there was no clearly established Supreme Court authority on the contours of the Eighth Amendment gross disproportionality principle, Mr. Rios is not entitled to habeas relief under 28 U.S.C. Section 2254d, and an appellant would respectfully request that this Court reverse the district court's judgment granting a conditional word of habeas corpus. Thank you, Your Honor. May it please the Court, Daniel Jarko for the appellee. In this case, we believe the Court should affirm Mr. Rios's judgment on alternate Under this Court's decision in the Teig case, it did hold that there was a Sixth Amendment violation where there was no jury trial as to the facts of prior convictions that increased the maximum sentence. The question, I guess, we have to face right away is whether this approach is inconsistent with AEDPA's scheme of certifying questions for appeal, certificates of appealability. You couldn't, you can't appeal those issues, presumably because you don't have a certificate of appealability that goes to those issues. Well, Your Honor, let me address this. We're not the appellant. We're the appellee. And my reading of the statute is that I think it's an unusual circumstance in which the petitioner wins below, and perhaps the whole structure of the system has a built-in assumption that it's going to be the petitioner who's lost and the petitioner who's going to be appealing. But the language of the statute is that in order to take an appeal, you need a certificate of appealability. And Mr. Rios is simply defending the judgment that he has already won below. And I've seen no law indicating that the normal rule would not apply, that the appellee could raise any arguments in defense of his judgment as long as there's support in the record for them. What about the Second Circuit's decision in Grotto v. Herbert? Your Honor, that was not raised by the other side, and I'm not familiar with that decision. Well, did you seek a COA on this issue? Your Honor, the cross-appeal and the certificate of appealability that we sought had to do with the question whether we would be seeking broader relief than what the district court had below. We have an argument under the Sixth Amendment, as you know, that could lead to a new trial if we're successful, the argument that there was a defective jury instruction that so tainted the trial that the remedy would be a new trial. But what did you seek in your certificate of appealability? We sought a certificate that the remedy of a new trial would essentially be authorized. But it was denied? It was. And in light of that denial, on what authority are you asserting we have jurisdiction to entertain your argument? Your Honor, I think it's well established that a cross-appeal is only necessary if the cross-appellant is seeking relief broader than what the cross-appellant has already won below. And the purpose of the cross-appeal was simply to preserve any rights that Mr. Rios might have to broader relief if a new trial was considered to be broader relief than a resentencing. But you're seeking broader relief than you because you didn't obtain relief based on the Sixth Amendment violation below, did you? Your Honor, we're not seeking broader relief in this appeal. We're seeking to defend the relief that we've already won. And that relief is a conditional habeas corpus grant. But your relief was predicated on the Eighth Amendment. Yes. And the theory we submit that the theory that we won below on is not pertinent to the question of whether a cross-appeal is necessary. What case authority are you relying upon in the habeas context to support your argument? Your Honor, I don't have authority specific to the habeas context. I do have authority on just the general rule that no cross-appeal is necessary if you want to defend the judgment that you've already won. But you would agree, wouldn't you, that AEDPA has set forth a specific scheme for appeals in the habeas context? I would. And my understanding of that, of the structure of that statute, is that it is supposed to discourage frivolous appeals. It's supposed to discourage the courts from having to consider appeals that they shouldn't have to consider. In this case, it's the government that's initiated the appeal. If you read the statute literally, it would be the government that should have sought a certificate of appealability. And they didn't do that. The government is not arguing on the Sixth Amendment claim, is it? They sought no certificate of appealability on the Eighth Amendment claim either, Your Honor. If you read the statute literally, they should have sought a certificate of appealability in order to proceed with this case at all. And my point is that the way this statute is structured, the onus is normally on the prisoner to pursue the appeal. Counsel, what language are you relying upon in AEDPA that says the government has to seek a COA? Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding. Counsel, isn't all that predicated by a person in custody? The whole predicate language speaks to a person in custody. Your Honor, I'm not arguing that it was necessary for the government to seek a certificate of appealability. I'm saying that the literal language of the statute, if it wasn't considered in context, might lead you to that conclusion. And there's nothing in the statute that says that a prisoner in order to defend his judgment on appeal needs to seek a certificate of appealability. He's not the appellant. There's nothing that says that the normal rule that an appellee may defend his judgment on any ground is changed in a habeas corpus context. I understand there's a Second Circuit authority. It wasn't cited by the State, and I'm not familiar with that. The site on that is 316 F3rd 198. The case is Grotto, G-R-O-T-T-O versus Herbert, H-E-R-B-E-R-T. Back to the cross appeal, Your Honor. I hope I made clear that the purpose of the cross appeal was the same as any cross appeal, which was to preserve the rights to argue for relief that was broader than what the district court argued below. Now, the arguments presented in support of that overlap substantially with the arguments in our brief, but we submit that there is no Ninth Circuit precedent of which we're aware that would present this prisoner from defending his judgment on any ground as long as the facts are in the record to support it. Counsel, if we disagree with your argument, what is your position on the Eighth Amendment ground for which you want relief below? Your Honor, we think that the Ramirez case has decided that there was clearly established Federal law in advance of Ewing and Ondrad because it applied the gross disproportionality principle that was present and was recognized in those two cases. I don't believe that while those cases talked about the law being unclear, they did not say there was no least established Federal law to apply. What they did was identify the gross disproportionality principle as the principle that should be applied. Now, obviously, those two cases made my argument under the Eighth Amendment more of an uphill battle, but we do believe that while the criminal history of Mr. Rios is not quite as limited as Mr. Ramirez, it is more limited, it is somewhere between Mr. Ramirez and Ewing and Ondrad, and that the rule of Ramirez should apply, that this sentence is disproportionate for this crime of petty theft. In the Ewing case, there was a violent history, residential burglary at knife point. In Ondrad, there was an escape from Federal prison. In our case, while there have been a series of crimes, they're really drug-related crimes and thefts in connection with this particular prisoner's drug addiction problem, and we believe that because of the nonviolent history of these crimes, the rule of Ramirez should be applied. It is the law of this circuit. One of your client's prior convictions include the use of a knife? Your Honor, an accomplice used a knife. The State did not charge my client with the use of the knife. The accomplice pulled out the knife in the middle of the crime, and it is not something that the State sought to hold my client responsible for. In closing, we do believe that the Sixth Amendment issues are substantial, that they warrant an affirmance in this case, and that the statutory requirement for certificate of appealability does not apply to an appellee who wishes to defend his judgment on appeal. Thank you, counsel. Rebuttal. If I may, please, Court. I have just two points in rebuttal to Mr. Jarqua's argument. First, with respect to the uncertified issues, if I may just point out that those issues were also unexhausted, so they were never presented to the State Supreme Court, the State's highest court, nor were they presented to the district court. And second of all, with respect to the argument about violence or lack thereof in Mr. Rios's prior convictions, I believe that the Supreme Court has made very clear that violence is not an objective criteria by which to determine whether a sentence is grossly disproportionate to the offense. To go back to your prior statement, you said that the claims are unexhausted in State court. I understand that statement, but that they weren't raised in the district court either? Yes, Your Honor, that is true. Except for one issue, which was that the State violated Mr. Rios's Sixth Amendment right to jury determination of his three-strike sentence. That was presented to the district court, but the remainder of the issues were never presented to the district court. And that includes all of the ineffective assistance of counsel claims, as well as the claim that the State violated Mr. Rios's Sixth Amendment right to a jury trial as to one element of the petty theft charge. So those issues were not raised before the district court. The district court did not rule on those issues. Unless the court has further questions, I am prepared to submit. It does not appear so. Thank you, counsel. Thank you to both counsel. The case just argued is submitted. The next case on calendar for argument is Jones v. City of Santa Monica. Counsel for appellant, please proceed.
judges: Canby, Hansen, Rawlinson